Oral Argument Not Yet Scheduled

No. 12-7135
_____

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

AF HOLDINGS, LLC.

*Appellee*,

v.

DOES 1-1,058,

*Appellees*,

and

COX COMMUNICATIONS, INC., *et al.*,

*Appellants*.

**MOTION FOR LEAVE TO FILE BRIEF *AMICI CURIAE* OF THE ELECTRONIC FRONTIER FOUNDATION, AMERICAN CIVIL LIBERTIES UNION, ACLU OF THE NATION'S CAPITAL, PUBLIC CITIZEN, AND PUBLIC KNOWLEDGE IN SUPPORT OF APPELLANTS, URGING REVERSAL**

The Electronic Frontier Foundation ("EFF"), the American Civil Liberties Union ("ACLU"), the ACLU of the Nation's Capital, Public Citizen, Inc., Public Citizen, and Public Knowledge ("PK") hereby move for leave to file the accompanying *amici curiae* brief in support of Appellants. Appellant Internet

1

service providers ("ISPs") consent to this filing; Appellee AF Holdings does not consent. The John Doe Appellees have not yet appeared in the suit but have important procedural and substantive rights that are at stake in this appeal; *amici* herein request leave to inform the Court of the imminent harm the Doe Appellees face before service of process, and the harm faced by other victims of abusive litigation tactics in BitTorrent-related copyright lawsuits against numerous defendants. *Amici* come before the Court with significant experience in upholding the legal rights of Internet users like the Doe Defendants in this case. This experience, and a voice for the Doe Defendants whose rights are at stake, will assist the Court's decisionmaking.

## I.  Interest of Amici

EFF is a non-profit, member-supported civil liberties organization working to protect legal rights in the digital world.  EFF actively encourages and challenges industry, government and the courts to support free expression, privacy, and openness in the information society. Founded in 1990, EFF is based in San Francisco, California.  EFF has over 18,000 members throughout the United States and internationally, and maintains one of the most linked-to websites in the world (http://www.eff.org).

EFF has taken a vital role in assisting the thousands of Internet users who have received monetary demands from attorneys purporting to represent holders of

copyright in adult films. As a legal services organization, EFF helps these Internet users obtain counsel. EFF filed *amicus* briefs in some of the earliest cases of this type,[1] its attorney served as *ad litem* counsel for 670 Doe Defendants in a similar case,[2] and a staff technologist for EFF has provided expert testimony about BitTorrent and geolocation technology in several such cases, including this one. EFF has also played a leading role in educating the public about the latest developments in these cases.[3] In short, EFF has been deeply involved in these cases almost from their inception, and can offer the Court a unique perspective.

The American Civil Liberties Union ("ACLU") is a nationwide, nonprofit, nonpartisan organization with over 500,000 members dedicated to the principles of liberty and equality embodied in the U.S. Constitution. The ACLU of the Nation's Capital is the Washington, D.C. affiliate of the ACLU. The protection of principles of freedom of expression as guaranteed by the First Amendment is an area of special concern to the ACLU and its affiliates. In this connection, the ACLU and

---

[1] *See, e.g.*, *Millenium TGA Inc. v. Does 1 – 800*, No. 1:10-cv-05603 (N.D. Ill Mar. 31, 2011); *OpenMind Solutions, Inc. v. Does 1 – 2,925*, No. 3:11-cv-00092 (S.D. Ill. Mar. 25, 2011); *First Time Videos, LLC v. Does 1 – 500*, No. 1:10-cv-06254 (N.D. Ill. Jan. 14, 2011); *Call of the Wild Movie LLC v. Does 1 – 1,062*, No. 1:10-cv-0455 (D.D.C. Jan. 3, 2011); *Third World Media LLC v. Does 1 – 1,243*, No. 3:10-cv-0090 (N.D. W.Va. Nov. 23, 2010).

[2] *Mick Haig Prods. v. Does 1 – 670*, No. 3:10-cv-01900 (N.D. Tex. Oct. 25, 2010).

[3] For example, EFF's website includes pages regarding subpoena defense resources and mass copyright litigation. *Subpoena Defense Resources*, Electronic Frontier Foundation, https://www.eff.org/issues/file-sharing/subpoena-defense; *Copyright Trolls*, Electronic Frontier Foundation, https://www.eff.org/issues/copyright-trolls.

3

its affiliates have been at the forefront in numerous state and federal cases involving freedom of expression on the Internet. The ACLU and its affiliates have also been involved in numerous cases raising issues of due process and the right to engage in anonymous speech.

Public Citizen, Inc., is a public interest organization based in Washington, D.C. It has more than 300,000 members and supporters. Since its founding in 1971, Public Citizen has encouraged public participation in civic affairs, and has brought and defended numerous cases involving the First Amendment rights. It pioneered the defense of subpoenas to identify anonymous Internet users sued because their speech was allegedly tortious; in *Dendrite v. Doe No. 3*, 775 A.2d 756 (2001), the court adopted a standard proposed by Public Citizen's amicus brief, and Public Citizen has participated as amicus or for a party in most of the state appellate cases since then in which other states have followed or adapted the *Dendrite* analysis. *E.g., In re Indiana Newspapers*, 963 N.E.2d 534 (Ind. App. 2012)*; Independent Newspapers v. Brodie*, 966 A.2d 432 (Md. 2009). In mass infringement cases filed by recording companies, as early as *Sony Music Entertainment v. Does 1-40*, 326 F. Supp.2d 556 (S.D.N.Y. 2004), Public Citizen argued that a similar standard should be applied even when a complaint alleges trademark infringement, not because there was any reason to believe that a well-established recording companies represented by reputable law firms would seek

4

subpoenas improperly, but because, unless scrutiny was applied in those cases, a day would come when less reputable plaintiffs represented by unscrupulous lawyers would take advantage of a "copyright exception" to use subpoenas for nefarious purposes. In light of the facts here, that argument seems eerily prescient. *See also Art of Living v. Does*, 2011 WL 5444622 (N.D. Cal. Nov. 9, 2011). Public Citizen takes no view about whether plaintiff can show a sound evidentiary basis for seeking to identify the Doe defendants sued here, but joins this brief because the district court's failure to apply any test to protect the rights of the Doe was error.

Public Knowledge ("PK") is a non-profit public interest 501(c)(3) corporation, and its primary mission is to promote technological innovation, protect the legal rights of all users of copyrighted works, and ensure that emerging copyright and telecommunications policies serve the public interest. Applying its years of expertise in these areas, PK frequently files amicus briefs at the district and appellate level in cases that raise novel issues at the intersection of media, copyright, and telecommunications law.

### II.   *Amici* Will Assist The Court In Deciding This Appeal.

The standard for leave to file an *amicus* brief is simply whether it will assist the Court. *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J) ("[I]f a good brief is rejected, the merits panel will be deprived of a

resource that might have been of assistance."); *Ryan v. Commodity Futures Trading Comm'n,* 125 F.3d 1062, 1064 (7th Cir.1997) ("An *amicus* brief should normally be allowed . . . when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."); *Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Com'n*, 197 F.3d 560, 567 (1st Cir. 1999) ("[A] a court is usually delighted to hear additional arguments from able amici that will help the court toward right answers."). *Amici* need not be neutral, and need not show that a party is inadequately represented. *Neonatology Assocs.*, 293 F.3d at 131-33; *see also Funbus Systems, Inc. v. State of Cal. Public Utilities Com'n*., 801 F.2d 1120, 1125 (9th Cir. 1986) ("[T]here is no rule that amici must be totally disinterested."); *Phillips v. AWH Corp.*, 376 F.3d 1382, 1383-84 (Fed. Cir. 2004) ("Amicus curiae briefs may be filed by bar associations, trade or industry associations, government entities, and other interested parties.").

Having been involved in the issue of mass lawsuits against anonymous Internet users for alleged copyright infringement since their inception, *amici* offer a perspective and depth of relevant knowledge otherwise unavailable to the Court. The context in which this case arises, including the prior practices of Appellee AF Holdings and its counsel, are crucial to understanding the potential import of the Court's ruling in this case. *Amici* will help provide that context. *Amici* also

address the implications of the district court's decision for the Doe Defendants' First Amendment rights. Although the Appellant ISPs are competently represented, no party to the appeal currently represents the interests of the Doe Defendants, who are in danger of being coerced into paying AF Holdings to settle meritless infringement claims.

For these reasons, *amici* respectfully request that the Court grant them leave to file a brief in this appeal.

DATED:  May 14, 2013             Respectfully submitted,

   /s/ Mitchell Stoltz
Mitchell Stoltz
D.C. Cir. Bar No. 51536
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel: (415) 436-9333
Fax: (415) 436-9993
mitch@eff.org

*Counsel for Amici Curiae*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system on May 14, 2013.

All counsel are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Counsel for AF Holdings, LLC, Plaintiff-Appellee:
Paul A. Duffy, Esquire,
Email: paduffy@wefightpiracy.com

Counsel for Cox Communications, Verizon Online, LLC, and Bright House Networks, LLC, Interested Parties-Appellants:
Deanne Elizabeth Maynard
Email: dmaynard@mofo.com
Benjamin J. Fox, Esquire
Email: BFox@mofo.com
Marc Andrew Hearron
Email: mhearron@mofo.com

Counsel for SBC Internet Services dba AT&T Internet Services,

Interested Party-Appellant:
Bart Wescott Huffman
Email: bhuffman@lockelord.com
Hugh Scott Balsam
Email: hbalsam@lockelord.com

Counsel for Comcast Cable Communications, LLC, Interested Party-Appellant:
Ronald London, Attorney
Email: ronnielondon@dwt.com
Leslie Gallagher Moylan
Email: lesliemoylan@dwt.com
John D. Seiver, Esquire
Email: johnseiver@dwt.com
Lisa Beth Zycherman
Email: lisazycherman@dwt.com

Dated:  May 14, 2013

/s/ *Mitchell L. Stoltz*
Mitchell L. Stoltz
ELECTRONIC FRONTIER FOUNDATION

*Counsel for Amici Curiae*