(Oral Argument Not Yet Scheduled)

**No. 12-7135**

_____

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**AF HOLDINGS, LLC,**

*Plaintiff-Appellee,*

v.

**DOES 1 – 1,058,**

*Defendants*,

and

**COX COMMUNICATIONS, INC., *et al*.,**

*Appellants.*

_____

On Appeal From an Order by the U.S. District Court for the District of Columbia
The Honorable Beryl A. Howell, Judge Presiding
(Case No. 1:12-cv-00048-BAH)

_____

**APPELLANTS' JOINT REPLY BRIEF**

_____

Deanne E. Maynard
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., NW
Washington, D.C.  20006-1888
Telephone:  202.887.1500
DMaynard@mofo.com

Benjamin J. Fox
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, California  90017-3543
Telephone:  213.892.5200
BFox@mofo.com

For Bright House Networks, LLC, Cox Communications, Inc. and Verizon Online LLC

(Additional Appellants and Counsel Listed on Inside Page)

### *Additional Appellants and Counsel*

Bart W. Huffman
LOCKE LORD LLP
100 Congress Avenue, Suite 300
Austin, Texas  78701
Telephone:  (512) 305-4746
Facsimile:  (512) 391-4741
BHuffman@lockelord.com

Hugh S. Balsam
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Telephone:  (312) 443-0403
Facsimile:  (312) 896-6403
HBalsam@lockelord.com

Attorneys for Appellant SBC Internet Services, LLC,
d/b/a AT&T Internet Services


John D. Seiver
Ronald G. London
Leslie G. Moylan
Lisa B. Zycherman
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
Telephone:  (202) 973-4200
johnseiver@dwt.com

Attorneys for Appellant Comcast Cable Communications Management, LLC

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................1

ARGUMENT .......................................................................................3

I.  THE SUBPOENAS TO THE INTERNET SERVICE
    PROVIDERS SHOULD HAVE BEEN QUASHED BECAUSE
    THEY ARE NOT SUPPORTED BY A SHOWING OF GOOD
    CAUSE AND IMPOSE UNDUE BURDENS ON THE ISPs ............3

    A.  The ISPs Have Standing to Object That Plaintiff's
        Subpoenas, Taken Alone or Together, Impose an
        Undue Burden and Are Unsupported by Good Cause..............3

    B.  The Record Makes Clear That the Information Sought
        by AF Holdings Will Not Be Used for a Proper Purpose..........6

II.  THE DISTRICT COURT COMMITTED LEGAL ERROR BY
     DECLINING TO DECIDE WHETHER PERSONAL
     JURISDICTION EXISTS OVER THE 1,000-PLUS "DOES". ..........8

III.  THE DISTRICT COURT COMMITTED LEGAL ERROR BY
      FAILING TO ADDRESS WHETHER THE REQUIREMENTS
      FOR JOINDER ARE SATISFIED AS A PREREQUISITE TO
      PERMITTING DISCOVERY OF THE ISPs. ..................................11

    A.  Coordinated Rulings by District Courts Have
        Moved Overwhelmingly Towards Requiring
        Single-Doe Lawsuits...............................................................11

    B.  1,000-Plus Doe Lawsuits Are Improper As a
        Matter of Law ........................................................................15

i

# TABLE OF CONTENTS
## (continued)

Page

IV.    THE LOWER COURT'S ORDER, UNLESS REVERSED, WILL MAKE THE DISTRICT OF COLUMBIA THE DESTINATION VENUE FOR MULTI-DOE PORNOGRAPHY LAWSUITS ........................................................18

V.    AF HOLDINGS HAS FAILED TO ADDRESS THE SERIOUS ISSUES OF MISCONDUCT AND FRAUD ON THE COURTS DISCUSSED IN THE OPENING BRIEF AND RELATED CASES ................................................19

CONCLUSION....................................................................................23

CERTIFICATE OF COMPLIANCE......................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash*,
 No. 12-cv-00186, 2012 U.S. Dist. LEXIS 62980,
 2012 WL 1648838 (S.D. Cal. May 4, 2012) ......................................................8

*\*AF Holdings LLC v. Doe*,
 No. 12-cv-1523, 2012 U.S. Dist. LEXIS 134870,
 2012 WL 4339072 (S.D. Cal. Sept. 20, 2012) ..................................................8

*AF Holdings LLC v. Does 1-96*,
 No. C-11-3335, 2011 U.S. Dist. LEXIS 109816,
 2011 WL 4502413 (N.D. Cal. Sept. 27, 2011)..................................................7

*\*AF Holdings LLC v. Does 1-96*,
 No. C-11-3335, 2011 U.S. Dist. LEXIS 134655,
 2011 WL 5864174 (N.D. Cal. Nov. 22, 2011) ..................................................8

*AF Holdings LLC v. Does 1-135*,
 No. 11-CV-03336, 2012 U.S. Dist. LEXIS 7493,
 2013 WL 5701104 (N.D. Cal. Jan. 19, 2012)....................................................7

*AF Holdings LLC v. Navasca*,
 No. 12-cv-02396, 2013 U.S. Dist. LEXIS 149156,
 2013 WL 5701104 (N.D. Cal. Sept. 16, 2013)...........................................19, 23

*AF Holdings LLC v. Navasca*,
 No. C-12-2396, 2013 U.S. Dist. LEXIS 149169
 (N.D. Cal. Oct. 16, 2013) ...............................................................................21

*Anger v. Revco Drug Co.*,
 791 F.2d 956 (D.C. Cir. 1986)........................................................................10

\*Authorities upon which Appellants principally rely are marked with asterisks.

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Berlin Media Art v. Does 1-654,*
   No. 11-3770, 2011 U.S. Dist. LEXIS 120257,
   2011 WL 36383080 (N.D. Cal. Oct. 18, 2011) ................................... 8

*Boy Racer Inc. v. Does 2-52,*
   No. C 11-02834, 2011 U.S. Dist. LEXIS 86746
   (N.D. Cal. Aug 5, 2011) ................................................................... 18

*Call of the Wild Movie, LLC v. Does 1-1,062,*
   770 F. Supp. 2d 332 (D.D.C. 2011)............................................... 9, 11

*\*Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC,*
   148 F.3d 1080 (D.C. Cir. 1998)......................................................3, 4

*Celestial Inc. v. Swarm Sharing Hash*, 2012,
   No. 12-00199, 2012 U.S. Dist. LEXIS 61587,
   (C.D. Cal. May 1, 2012) ................................................................... 14

*Compaq Computer Corp. v. Packard Electronics, Inc.,*
   163 F.R.D. 329 (N.D. Cal. 1995) ...................................................... 6

*Cusumano v. Microsoft Corp.,*
   162 F.3d 708 (1st Cir. 1998) ............................................................ 5

*\*DigiProtect USA Corp. v. Does 1-240,*
   No. 10 Civ. 8760, 2011 U.S. Dist. LEXIS 109464,
   2011 WL 4444666 (S.D.N.Y. Sept. 26, 2011) ................................6, 8

*Digital Sin, Inc. v. Does 1-176,*
   279 F.R.D. 239 (S.D.N.Y. 2012) ...................................................... 19

*Digital Sin, Inc. v. Does 1-5698,*
   No. C 11-04397, 2011 U.S. Dist. LEXIS 128033,
   2011 WL 5362068 (N.D. Cal. Nov. 4, 2011)...................................... 8

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Digital Sins, Inc. v. Does 1-245*,
  No. 11 Civ. 8170, 2012 U.S. Dist. LEXIS 69286,
  2012 WL 1744838 (S.D.N.Y. May 15, 2012)....................................................11

*Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.*,
  638 F. Supp. 2d 1 (D.D.C. 2009)...........................................................................4

*Flatow v. Islamic Republic of Iran*,
  305 F.3d 1249 (D.C. Cir. 2002).............................................................................5

*Gillespie v. Civiletti*,
  629 F.2d 637 (9th Cir. 1980) ............................................................................4, 8

*Hard Drive Prods. v. Does 1-30*,
  No. 2:11-cv-345, 2011 U.S. Dist. LEXIS 119333,
  2011 WL 4915531 (E.D. Va. Oct. 17, 2011) .......................................................8

*Hard Drive Prods. v. Does 1-90*,
  No. C 11-3825, 2012 U.S. Dist. LEXIS 45509,
  2012 WL 1094653 (N.D. Cal. Mar. 30, 2012) .....................................................7

*\*Hard Drive Prods. v. Does 1-188*,
  809 F. Supp. 2d 1150 (N.D. Cal. 2011)...........................................8, 12, 16, 18

*\*In re BitTorrent Adult Film Copyright Infringement Cases*,
  No. 11-3995, 2012 U.S. Dist. LEXIS 61447,
  2012 WL 1570765 (E.D.N.Y. May 1, 2012)..................................................2, 13

*\*In re BitTorrent Copyright Infringement Cases*,
  No. 12-1188, 2013 U.S. Dist. LEXIS 17851,
  2013 WL 501443 (C.D. Ill. Feb. 11, 2013) ..................................................13, 17

*In re Micron Tech., Inc. Sec. Litig.*,
  264 F.R.D. 7 (D.D.C. 2010) ..................................................................................5

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*Ingenuity 13, LLC v. Doe*,
No. 12-cv-6662, 2013 U.S. Dist. LEXIS 16952,
(C.D. Cal. Feb. 7, 2013) ................................................................9

*\*Ingenuity 13 LLC v. Doe*,
No. 12-cv-8333, 2013 U.S. Dist. LEXIS 64564,
(C.D. Cal. May 6, 2013) .......................................................17, 23

*K-Beech, Inc. v. Does 1-85*,
No. 3:11-cv-469, 2011 U.S. Dist. LEXIS 124581,
2011 WL 9879174 (E.D. Va. Oct. 5, 2011) ...................................17

*Kill Joe Nevada, LLC v. Does 1-10*,
No. 1:13-cv-1516 JEC, 2013 U.S. Dist. LEXIS 74983,
2013 WL 3381260 (N.D. Ga. July 8, 2013) ...................................14

*Killer Joe Nevada, LLC v. Does 1-19*,
No. 1:13-cv-1039, 2013 U.S. Dist. LEXIS 98111,
2013 WL 3458214 (N.D. Ohio July 9, 2013)...................................14

*Ledge Distribution, LLC v. Does 1-44*,
No. 13-cv-0329,
2013 WL 1964821 (W.D. Wash. May 10, 2013) .............................14

*Liberty Media Holdings, LLC v. BitTorrent Swarm*,
277 F.R.D. 672 (S.D. Fla. 2011).....................................................17

*Malibu Media, LLC v. Doe*,
No. 12-2078, 2013 U.S. Dist. LEXIS 85687,
2013 WL 3038025 (E.D. Pa. June 18, 2013)...................................15

*Malibu Media, LLC v. Does 1-8*,
No. 12-cv-1054, 2012 U.S. Dist. LEXIS 168346
(S.D. Cal. Nov. 16, 2012) ..............................................................14

*\*Malibu Media, LLC v. Does 1-11*,
286 F.R.D. 113 (D.D.C. 2012) ..................................................11, 12

## TABLE OF AUTHORITIES
### (continued)

Page(s)

*Malibu Media, LLC v. Does 1-10*,
   No. 2:12-cv-01642, 2012 U.S. Dist. LEXIS 152500
   (C.D. Cal. Oct. 10, 2012)......................................................................11

*Malibu Media, LLC v. Does 1-68*,
   No. 12-cv-6675, 2013 U.S. Dist. LEXIS 139068,
   2013 WL 5423872 (N.D. Ill. Sept. 27, 2013)......................................14

*Malibu Media, LLC v. John Does 1-21*,
   No. 12-cv-9656, 2013 U.S. Dist. LEXIS 79433,
   2013 WL 2458290 (N.D. Ill. June 6, 2013).........................................14

*MCGIP, LLC v. Does 1-149*,
   No. C-11-02331, 2011 U.S. Dist. LEXIS 108109,
   2011 WL 4352110 (N.D. Cal. Sept. 16, 2011).....................................12

*Millennium TGA v. Doe*,
   No. 10-C-5603, 2011 U.S. Dist. LEXIS 110135,
   2011 WL 7444064 (N.D. Ill. Sept. 26, 2011).........................................8

*Millennium TGA, Inc. v. Comcast Cable Commun. LLC*,
   286 F.R.D. 8 (D.D.C. 2012) ................................................5, 8, 10, 19

*New Sensations, Inc. v. Does 1-1,474*,
   No. C-11-2770, 2011 U.S. Dist. LEXIS 140670,
   2011 WL 7460100 (N.D. Cal. Dec. 7, 2011) .........................................8

*Northwestern Mem'l Hosp. v. Ashcroft*,
   362 F.3d 923 (7th Cir. 2004) ................................................................5

*Nu Image, Inc. v. Does 1-23,322*,
   799 F. Supp. 2d 34 (D.D.C. 2011)...........................................5, 8, 10

*On the Cheap, LLC v. Does 1-5011*,
   280 F.R.D. 500 (N.D. Cal. 2011) ..........................................................8

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340, 98 S. Ct. 2380 (1978) ............................................................... 1, 4

*Pacific Century Ltd. v. Does 1-37*,
    282 F.R.D. 189 (N.D. Ill. 2012) ................................................................ 4, 5, 8

*Patrick Collins, Inc. v. Doe*,
    288 F.R.D. 233 (E.D.N.Y. 2012) ......................................................... 11, 18, 19

*Patrick Collins, Inc. v. Does 1-23*,
    No. 12-cv-00087, 2012 U.S. Dist. LEXIS 47687,
    2012 WL 1144918 (D. Md. April 4, 2012) ................................................ 11, 12

*Patrick Collins, Inc. v. Does*,
    No. C 11-2766, 2011 U.S. Dist. LEXIS 140913,
    2011 WL 7460101 (N.D. Cal. Dec. 7, 2011) ..................................................... 8

*PHE, Inc. v. Does 1-27*,
    No. 4:13-cv-480 SNJL, 2103 U.S. Dist. LEXIS 101647,
    2013 WL 3811143 (E.D. Mo. July 22, 2013) .................................................. 14

*Purzel Video GmbH v. Does 1-161*,
    No. 13 C 2504, 2013 U.S. Dist. LEXIS 78087
    (N.D. Ill. June 4, 2013) .................................................................................... 14

*Safety Point Prods., LLC v. Does 1-14*,
    No. 1:12-cv-2812, 2013 U.S. Dist. LEXIS 48943,
    2013 WL 1367078 (N.D. Ohio Apr. 4, 2013) ................................................. 12

*reFX Audio Software Inc. v. Doe 1-97*,
    No. 4:13-cv-00409, 2013 U.S. Dist. LEXIS 98927,
    2013 WL 3766571 (E.D. Mo. July 16, 2013) .................................................. 14

*SBO Pictures, Inc. v. Does 1-87*,
    No. Civ. A 11-1962, 2012 U.S. Dist. LEXIS 6968,
    2012 WL 177865 (D.D.C. Jan. 19, 2012) .......................................................... 8

## TABLE OF AUTHORITIES
### (continued)

Page(s)

*TCYK, LLC v. Does 1-88*,
    No. 13 C 3828, 2013 U.S. Dist. LEXIS 88402,
    (N.D. Ill. June 24, 2013) ...................................................................14

*Third Degree Films, Inc. v. Doe*,
    No. DKC 11-3007, 2012 U.S. Dist. LEXIS 59233,
    2012 WL 1514807 (D. Md. Apr. 27, 2012)......................................11

*Third Degree Films, Inc. v. Does 1- 4*,
    No. 12-cv-1849 (BGS), 2013 U.S. Dist. LEXIS 99379,
    2013 WL 3762625 (S.D. Cal. July 16, 2013)...................................14

*Third Degree Films v. Does 1-47*,
    286 F.R.D. 188 (D. Mass. 2012) ......................................................12

*Tricoast Smitty, LLC v. Does 1-45*,
    No. 4:12-cv-02019 AGF, 2013 U.S. Dist. LEXIS 127291,
    2013 WL 4775913 (E.D. Mo. Sept. 6, 2013) ...................................14

*United States v. Bruce*,
    89 F.3d 886 (D.C. Cir. 1996)............................................................21

*Voltage Pictures, LLC v. Does 1-31*,
    No. 4:13-cv-037, 2013 U.S. Dist LEXIS 71233
    2013 WL 2181666 (S.D. Ga. 2013)..................................................14

*Voltage Pictures, LLC v. Does 1-198*,
    No. 6:13-cv-290-AA, 2013 U.S. Dist. LEXIS 66729,
    2013 WL 1900597 (D. Or. May 4, 2013)..........................................13

*Watts v. SEC*,
    482 F.3d 501 (D.C. Cir. 2007).............................................................5

*W. Coast Prods., Inc. v. Does 1-71*,
    No. 4:12-cv-01551, 2013 U.S. Dist. LEXIS 140436,
    2013 WL 5442785 (E.D. Mo. Sept. 30, 2013) .................................14

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*West Coast Prods. v. Does 1-1,911*,
  No. 11-1687, 2011 U.S. Dist. LEXIS 156802,
  (D.D.C. Oct. 25, 2011) ...................................................................................4, 8

*West Coast Prods. v. Does 1-1,434*,
  No. 11-55, 2012 U.S. Dist. LEXIS 110847,
  (D.D.C. Aug. 6, 2012) .........................................................................................6

*Zembezia Film Ltd. v. Does 1-66*,
  No. 13-cv-0311, 2013 WL 1964816
  (W.D. Wash. May 10, 2013) .............................................................................13

## CONSTITUTIONS, STATUTES AND RULES

28 U.S.C. § 1400 ..................................................................................................10

U.S. Const., 5th Amend. .......................................................................................3

D.C. R. Prof. Conduct 3.3 ...................................................................................21

Fed. R. Civ. P. 20 .............................................................2, 12, 15, 16, 17, 18

Fed. R. Civ. P. 26 .......................................................................3, 4, 8, 9, 19

Fed. R. Civ. P. 45 ..................................................................................................5

## INTRODUCTION

The Internet Service Providers' opening brief explained that AF Holdings'
scores of virtually identical multi-Doe lawsuits follow a common arc, with Plaintiff
using these cases primarily to expand a national database of Internet subscribers
who will be subject to pre-suit "settlement" demands that use the threat of public
identification with pornography to coerce substantial payments.  AF Holdings then
typically abandons or dismisses all claims, preventing the merits of its cases or the
legal issues presented here from reaching final adjudication, contrary to the role of
federal courts to decide actual cases and controversies.

AF Holdings' brief ignores the pattern that has emerged in Plaintiff's
counsel's hundreds of multi-Doe cases.  It argues, instead, that the Court should
blind itself to the purpose of the requested discovery and consider only whether the
subpoenas in this action alone present an onerous administrative burden on the
ISPs.  Plaintiff's argument is contrary to Supreme Court precedent and the
overwhelming majority of recent decisions that have addressed the mass-Doe
copyright phenomenon.  *See*, *e.g.*, *Oppenheimer Fund*, *Inc. v. Sanders*, 437 U.S.
340, 352-53 & n.17 (1978) ("a court is not required to blind itself to the purpose
for which a party seeks information").  The record before this Court shows that the
burdens imposed by Plaintiff's many virtually identical cases are undue burdens on
the ISPs, and that the requisite "good cause" for discovery in this case is lacking.

Contrary to AF Holdings' argument, the district court committed legal error by declining to decide whether personal jurisdiction is likely to exist over the Does, and whether venue is proper, in addressing the good cause requirement for leave to serve subpoenas on the ISPs. The ISPs' targeted subscribers are residents of more than 20 states; several subpoenaed ISPs do not even provide Internet service in the District of Columbia—facts that are ignored by the answering brief and the district court's order. The lower court's failure to require a threshold evidentiary showing that the Does are likely to be found in the District stands in stark contrast to overwhelming recent authority from courts across the country.

The misjoinder of 1,000-plus Does for the purpose of extracting information from the ISPs at the lowest cost, and with minimal judicial oversight, provides another compelling reason for reversing the district court's order. AF Holdings' brief has no answer to the ISPs' point that, by declining to name and serve defendants, Plaintiff effectively ensures that the complaint's compliance with Rule 20 will go unaddressed, and that the lower court's approach "only encourages plaintiffs in copyright actions to join (or misjoin) as many doe defendants as possible."[1] Given recent legal developments, the court's order, unless reversed, will make the District of Columbia a *unique* venue for mass-Doe lawsuits.

---

[1] *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 U.S. Dist. LEXIS 61447, at *38-39 (E.D.N.Y. May 1, 2012).

Finally, the answering brief has no real response to the serious charges of misconduct raised by courts in virtually identical actions involving AF Holdings, including findings that AF Holdings is a sham entity created for the sole benefit of its attorneys and that its beneficial owners have created fictitious persons and relied on fake signatures in court filings across the country—including the "Alan Cooper" copyright assignment on which this lawsuit is premised.  It defies credulity that AF Holdings' principals and counsel could plead the Fifth Amendment in civil disciplinary proceedings in a virtually identical action, yet insist that "good cause" exists for discovery of the ISPs to go forward here.

For all the reasons discussed in the opening brief and herein, the district court's order authorizing discovery of the ISPs should be reversed.

## ARGUMENT

## I.     THE SUBPOENAS TO THE INTERNET SERVICE PROVIDERS SHOULD HAVE BEEN QUASHED BECAUSE THEY ARE NOT SUPPORTED BY A SHOWING OF GOOD CAUSE AND IMPOSE UNDUE BURDENS ON THE ISPs

### A.     The ISPs Have Standing to Object That Plaintiff's Subpoenas, Taken Alone or Together, Impose an Undue Burden and Are Unsupported by Good Cause

AF Holdings' brief ignores the applicable good cause standard for evaluating pre-Rule 26 discovery requests to identify defendants; it does not cite or otherwise address *Caribbean Broadcasting*, in which the Court explained that "plaintiff must have at least a good faith belief that such discovery will enable it to

3

show that the court has personal jurisdiction over the defendant." *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998); *see also West Coast Prods. v. Does 1-1911*, 2011 U.S. Dist. LEXIS 156802, at *1 (D.D.C. Oct. 25, 2011) ("The discovery sought here can be compared to jurisdictional discovery, and in order to embark on such an undertaking on an expedited basis, a plaintiff must make a showing of good cause.").[2]

The good cause analysis necessarily requires courts to consider whether the information is being sought for a proper purpose. *Oppenheimer Fund*, 437 U.S. at 353 & n.17 ("when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied"); *see also Pacific Century Ltd. v. Does 1-37*, 282 F.R.D. 189, 195-96 (N.D. Ill. 2012) (same; quoting *Oppenheimer Fund*); additional authority cited, *infra*.

AF Holdings attempts to distinguish *Oppenheimer Fund* on the basis that the personal information sought there (names and addresses of consumers) was sought from a defendant, not from a subpoenaed third party. (AB 13.) The reasons for

---

[2] Plaintiff ignores other authority cited by the ISPs for the legal standards governing pre-Rule 26 requests to identify Doe defendants. *E.g.*, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("the use of 'John Doe' to identify a defendant is not favored," and discovery to identify a Doe must be supported by good cause); *Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.*, 638 F. Supp. 2d 1, 11 (D.D.C. 2009) (plaintiff must "reasonably demonstrate[] that it can supplement its jurisdictional allegations through discovery") (citation omitted).

protecting a party from improper discovery apply equally—or with greater force—to subpoenaed third parties. *See, e.g., Watts v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007) ("'the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs' in [a] Rule 45 inquiry," quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)); *Flatow v. Islamic Republic of Iran*, 305 F.3d 1249, 1254 (D.C. Cir. 2002) (protecting subpoenaed third party from request to produce information that was not relevant in underlying litigation); *Millennium TGA, Inc. v. Comcast Cable Communs. LLC*, 286 F.R.D. 8, 13, 16 & n.9 (D.D.C. 2012) ("the federal courts, and its subpoena power, are not to be used to gather information that is only relevant to invalid claims"); *Nu Image, Inc. v. Does 1-23,322*, 799 F. Supp. 2d 34, 37 (D.D.C. 2011).

Where, as here, AF Holdings' subpoenas impose cumulative burdens on the ISPs for cases that rarely, if ever, reach their merits, the ISPs' showing of burden is amply sufficient. (App. 63-91.) *See, e.g., Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 928-29 (7th Cir. 2004) (rejecting argument that a subpoena causes no undue burden merely because "the *administrative* hardship of compliance would be modest," but considering instead "the rash of suits around the country" and the publicity generated); *In re: Micron Tech. Sec. Litig.*, 264 F.R.D. 7, 9-10 (D.D.C. 2010) (subpoenas can impose "undue burden" even where the witness has already identified the documents); *Pacific Century*, 282 F.R.D. at 196 ("The court

recognizes the burden on ISPs caused by such subpoenas…. Even though any one

subpoena may impose a relatively modest burden, over time the burden on the ISPs

of multiple subpoenas may be substantial.").

The cases cited above and others expose the falsity of AF Holdings'

argument that the ISPs' "approach to undue burden is unprecedented." (AB 2.)

*See also Compaq Computer Corp. v. Packard Elec., Inc.*, 163 F.R.D. 329, 335-36

(N.D. Cal. 1995) ("Obviously, if the sought-after documents are not relevant nor

calculated to lead to the discovery of admissible evidence, then *any burden*

*whatsoever* imposed upon [a third party] would be by definition 'undue'."); *West*

*Coast Prods. v. Does 1-1,434*, 2012 U.S. Dist. LEXIS 110847, at *3 (D.D.C. Aug.

6, 2012) ("these cases have imposed and will continue to impose extraordinary

burdens on the courts and the Internet Service Providers"); *DigiProtect USA Corp.*

*v. Does 1-240*, 2011 U.S. Dist. LEXIS 109464, at *15 (S.D.N.Y. Sept. 26, 2011)

(plaintiff's multi-Doe "approach imposes a substantial burden on parties with no

formal interest in the outcome of the litigation").

### B.   The Record Makes Clear That the Information Sought by AF Holdings Will Not Be Used for a Proper Purpose

The answering brief and the district court's order ignore the record, which

shows that in 118 multi-Doe actions filed by Plaintiff's counsel during a two-year

period, none had resulted in a defendant being named and served in the forum.

(App. 97-105.) Other courts, faced with the same facts, have dismissed Plaintiff's

cases outright as an abuse of judicial process, or have denied AF Holdings' counsel leave to serve additional subpoenas on the ISPs. *See*, *e.g.*, *Hard Drive Prods. v. Does 1-90*, 2012 U.S. Dist. LEXIS 45509, at *12 (N.D. Cal. Mar. 30, 2012) (denying leave to serve subpoenas on ISPs and noting evidence from earlier AF Holdings case that "plaintiffs in these cases have never served a defendant in any action where early discovery was granted"); *AF Holdings LLC v. Does 1-135*, 2012 U.S. Dist. LEXIS 7493 (N.D. Cal. Jan. 19, 2012) (order to show cause for failure to serve John Doe after obtaining personal information from the ISPs); *AF Holdings LLC v. Does 1-96*, 2011 U.S. Dist. LEXIS 109816, at *6 (N.D. Cal. Sept. 27, 2011) (citing plaintiff's concession that the information subpoenaed from the ISPs would not be sufficient to properly name and serve defendants).

As discussed in Section V, *infra*, the significant evidence of fraud on the judiciary that has emerged in AF Holdings' cases provides another compelling basis for concluding that this lawsuit is not being pursued for a proper purpose.

Accordingly, the district court committed legal error by failing to consider the pattern of Plaintiff's counsel's cases and the cumulative burdens imposed on the ISPs. *Millennium*, 286 F.R.D. at 13 ("The court below, following Plaintiff's lead, also gave inadequate consideration to the issue of nonparty burden and territorial inconvenience, *an error of law requiring reversal*.") (emphasis added).

## II.    THE DISTRICT COURT COMMITTED LEGAL ERROR BY DECLINING TO DECIDE WHETHER PERSONAL JURISDICTION EXISTS OVER THE 1,000-PLUS "DOES"

AF Holdings has not responded to the 17 cases cited in the opening brief, which hold that personal jurisdiction over Does should be considered in evaluating whether "good cause" supports pre-Rule 26 discovery.  (OB at 14-19.)[3]  The answering brief, by contrast, cites only one multi-Doe copyright decision, *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332 (D.D.C. 2011), which was wrongly decided for the reasons explained in the opening brief.  (OB 18-20.) Indeed, Judge Howell, who authored *Call of the Wild* and the order on appeal, decided more recently in a case filed by AF Holdings' counsel that admissible *evidence* of viable claims against the Does is necessary to show good cause for

---

[3] *Gillespie*, 629 F.2d at 642; *Nu Image*, 799 F. Supp. 2d at 38-40; *Pacific Century*, 282 F.R.D. at 195-96; *Hard Drive Prods. v. Does 1-188*, 809 F. Supp. 2d 1150, 1160-64 (N.D. Cal. 2011); *SBO Pictures, Inc. v. Does 1-87*, 2012 U.S. Dist. LEXIS 6968, at *3-4 (D.D.C. Jan. 19, 2012); *DigiProtect*, 2011 U.S. Dist. LEXIS 109464, at *8-10; *West Coast Prods.*, 2011 U.S. Dist. LEXIS 156802, at *3; *AF Holdings LLC v. Doe*, 2012 U.S. Dist. LEXIS 134870, at *15 (S.D. Cal. Sept. 20, 2012); *808 Holdings, LLC v. Collective of Dec. 29, 2011*, 2012 U.S. Dist. LEXIS 62980, at *17 (S.D. Cal. May 4, 2012); *Millenium TGA v. Doe*, 2011 U.S. Dist. LEXIS 110135, at *7 (N.D. Ill. Sept. 26, 2011); *On the Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500, 505 (N.D. Cal. 2011); *New Sensations, Inc. v. Does 1-1,474*, 2011 U.S. Dist. LEXIS 140670, at *7-9 (N.D. Cal. Dec. 7, 2011); *Hard Drive Prods. v. Does 1-30*, 2011 U.S. Dist. LEXIS 119333, at *7-10 (E.D. Va. Oct. 17, 2011); *Berlin Media Art v. Does 1-654*, 2011 U.S. Dist. LEXIS 120257, at *4-6 (N.D. Cal. Oct. 18, 2011); *Patrick Collins, Inc. v. Does 1-2,590*, 2011 U.S. Dist. LEXIS 140913, at *4-5 (N.D. Cal. Dec. 7, 2011); *Digital Sin*, *Inc. v. Does 1-5698*, 2011 U.S. Dist. LEXIS 128033, at *10 (N.D. Cal. Nov. 4, 2011); *AF Holdings LLC v. Does 1-96*, 2011 U.S. Dist. LEXIS 134655, at *9 (N.D. Cal. Nov. 22, 2011).

pre-Rule 26 discovery.  (*Guava v. Doe*, No. 12-cv-1661 (D.D.C. Feb. 13, 2013),

contained in the ISPs' Request for Judicial Notice filed May 6, 2013, at p. 281.)[4]

AF Holdings' argument that the ISPs are purportedly "usurp[ing] the rights

of the Defendants to make … litigation decisions" (AB 16) again ignores the

record and reality of Plaintiff's cases:  Plaintiff's primary purpose in seeking the

personal information for hundreds or thousands of Internet subscribers per lawsuit

is to extract payments without conducting any investigation into whether the

subscriber—rather than another person using the subscriber's Internet

connection—is indeed responsible for accessing Plaintiff's film without paying for

it.  *See*, *e.g.*, *Ingenuity 13, LLC v. Doe*, 2013 U.S. Dist. LEXIS 16952, at *8-11

(C.D. Cal. Feb. 7, 2013) (describing the inadequacy of Plaintiff's counsel's pre-

filing investigations given the prevalence of unsecured Internet connections in

subscribers' homes and concluding that Plaintiff's *modus operandi* for pursuing

these cases is sanctionable); *Millennium*, 286 F.R.D. at 15 (decision by Judge

Wilkins describing "the intimidating tactics and oppressive demands made by

Plaintiff's counsel" to coerce payments independent of the case's merits); *see also*

---

[4] The answering brief also fails to address the uncontested evidence that the
targeted Internet subscribers are residents of 20 states, and that several ISPs do not
even provide Internet service in the District.  (App. 64, 72, 78, 84.)

App. 97-105 (multi-Doe lawsuits not prosecuted even after Plaintiff's counsel obtained subscribers' personal information).

Plaintiff's reliance on *Anger v. Revco Drug Co.*, 791 F.2d 956 (D.C. Cir. 1986) and the argument that personal jurisdiction over a defendant should not be decided *sua sponte* is misplaced. (AB 14-15.) The issue here is not whether, in the ordinary case, a *pro se* complaint should be dismissed *sua sponte* as frivolous based on a failure to allege personal jurisdiction. *Anger*, 791 F.2d at 948. The issue is whether personal jurisdiction, venue and joinder should be considered in connection with "good cause" to support the extraordinary remedy of expedited, *ex parte* discovery of the ISPs. (*See* OB at 13-32.)[5]

Accordingly, the district court's order should be reversed for failure to require an evidentiary showing that the "Does" are likely to reside in the forum.

---

[5] And here, unlike in *Anger v. Revco Drug*, evidence of the lack of personal jurisdiction over a nationwide set of subscribers was shown by motion and declarations attesting that the subscribers did not reside in the forum. (App. 64, 72, 78, 84.) *See also Nu Image*, 799 F. Supp. 2d at 38-39 (personal jurisdiction in a file-sharing copyright case is limited to defendants who reside in the forum). Moreover, venue in a "mass Doe" case would be improper under 28 U.S.C. § 1400, which requires that all defendants must be subject to suit in the District, an issue untouched by *Anger*. *Compare Nu Image*, 799 F. Supp. 2d at 37-38, 43.

### III. THE DISTRICT COURT COMMITTED LEGAL ERROR BY FAILING TO ADDRESS WHETHER THE REQUIREMENTS FOR JOINDER ARE SATISFIED AS A PREREQUISITE TO PERMITTING DISCOVERY OF THE ISPs

#### A. Coordinated Rulings by District Courts Have Moved Overwhelmingly Towards Requiring Single-Doe Lawsuits

The judicial headwind against plaintiffs' efforts to avoid filing fees and obtain the personal information for multiple Internet subscribers in a single action is now so strong that, to the ISPs' knowledge, every district that has addressed the "Doe" phenomenon in a coordinated way has concluded that plaintiffs should be required to proceed in *single*-defendant cases.  (*See*, *e.g.*, OB 31-32.)[6]

This current body of law caused Judge Huvelle, who initially followed *Call of the Wild*, to reverse course and disapprove mass-Doe joinder, stating:  "There is no need for this Court to write another lengthy opinion discussing why plaintiff's theory is wrong."  *Malibu Media, LLC v. Does 1-11*, 286 F.R.D. 113, 116 (D.D.C. 2012).  Judge Huvelle adopted the reasoning of *Digital Sins, Inc. v. John Does 1-245*, 2012 U.S. Dist. LEXIS 69286 (S.D.N.Y. May 15, 2012); *Patrick Collins, Inc.*

---

[6] *Patrick Collins, Inc. v. Doe*, 288 F.R.D. 233, 239 (E.D.N.Y. 2012) (ordering that "any future actions of a similar nature in this district be filed as separate actions against each John Doe defendant, so as to avoid unfair outcomes, improper joinder and waste of judicial resources, and to ensure the proper payment of filing fees"); *Third Degree Films, Inc. v. Does*, 2012 U.S. Dist. LEXIS 59233, at *13 (D. Md. Apr. 27, 2012) (same); *Malibu Media v. Does*, 2012 U.S. Dist. LEXIS 152500, at *9-16 (C.D. Cal. Oct. 10, 2012) (denying leave to take discovery in 33 coordinated multi-Doe actions, and severing all Does except for "Doe 1").

*v. Does 1-23*, 2012 U.S. Dist. LEXIS 47687 (D. Md. April 4, 2012); and *Hard Drive Prods.*, 809 F. Supp. 2d at 1157-65. *See Malibu Media*, 286 F.R.D. at 116. These decisions ordered severance of all Does except "Doe 1," and denied requests to pursue multi-subscriber discovery from the ISPs—citing the lost filing fees, potential for abuse, and the patterns showing that compliance with Rule 20 must be evaluated at the outset, if it is to be addressed at all. *See also MCGIP*, 2011 U.S. Dist. LEXIS 108109, at *10 (Plaintiff's counsel's practice of declining to name and serve defendants requires courts to evaluate misjoinder at the outset).

Recently, the Northern District of Ohio coordinated its multi-Doe copyright cases before District Judge Gwin in that court, who explained:

> Courts have been troubled by what amounts to be a new business model employed by production companies "misusing the subpoena powers of the court, seeking the identities of the Doe defendants solely to facilitate demand letters and coerce settlement, rather than ultimately serve process and litigate the claims."

*Safety Point Prods., LLC v. Does 1-14*, 2013 WL 1367078, at *3 (N.D. Ohio Apr. 4, 2013) (quoting *Third Degree Films v. Does 1-47*, 286 F.R.D. 188, 190 (D. Mass. 2012)). The *Safety Point* court noted that failing to evaluate joinder at the outset would "deprive the Court of a just result," and ruled that good cause for discovery of the ISPs is lacking where, as here, a plaintiff relies solely on an "IP address snapshot" to justify its lawsuit. *Safety Point*, 2013 WL 1367078, at *3; *see also id*.

at n.36 ("Even beyond the issue of joinder, this Court would hesitate to subpoena the ISPs without further information regarding Defendants' alleged conduct.").

In the Western District of Washington, BitTorrent cases were recently coordinated before District Judge Lasnik for uniformity of decision. *Zembezia Film Ltd. v. Does 1-66*, 2013 WL 1964816 (W.D. Wash. May 10, 2013), quashed all subpoenas to the ISPs in these coordinated cases, citing the risk the cases "may be used to wrest improvident settlements from pro se litigants," and ordered plaintiffs to show cause why all Does other than Doe 1 should not be dismissed based on misjoinder or pursuant to the court's inherent authority. *Id.* at *1-2.

Other districts that have approached multi-Doe cases in a coordinated fashion have ruled that the cases must be brought as single-Doe lawsuits. *See*, *e.g.*, *In re BitTorrent Copyright Infringement Case*s, 2013 WL 501443, at *7 (C.D. Ill. Feb. 11, 2013) (recommending that "any future actions of a similar nature" filed in the division "be filed as separate actions against each John Doe") (adopted *sub nom.* in *Malibu Media, LLC v. Does 1-34*, No. 12-cv-1188 (C.D. Ill. Mar. 7, 2013)); *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012) (recommending severance and dismissal as to all Does but Doe 1, and directing that future actions be filed as single-Doe cases); *Voltage Pictures, LLC v. Does 1-198*, 2013 WL 1900597, at *4-5 (D. Or. May 4, 2013) (ruling that a "reverse class action" of Does is inappropriate,

especially given that the subscribers may not be the infringers and that a useable

download of a work is not necessarily accomplished by "mere participation in a

given swarm"); *see also Malibu Media, LLC v. Does 1-8*, 12-cv-1054, 2012 U.S.

Dist. LEXIS 168346, at \*2 (S.D. Cal. Nov. 16, 2012) (in coordinated cases,

adopting findings that "the interests of avoiding undue prejudice …, as well as

judicial efficiency and fundamental fairness, are better served by severing [all

Does] and requiring [plaintiff] to file separate cases against each defendant

individually.'"); *Celestial Inc. v. Swarm Sharing Hash*, 2012 U.S. Dist. LEXIS

61587 (C.D. Cal. May 1, 2012) (in opinion filed in at least 12 related cases,

denying motions for discovery based on lack of personal jurisdiction over Does).[7]

   Contrary to AF Holdings' argument, the "Bellwether trial" conducted

recently in the Eastern District of Pennsylvania supports the majority view that

---

[7] *See also* other recent decisions disapproving multi-Doe joinder: *W. Coast Prods., Inc. v. Does, 1-71*, 2013 WL 5442785, at \*3 (E.D. Mo. Sept. 30, 2013); *Malibu Media, LLC v. Does 1-68*, 2013 WL 5423872 (N.D. Ill. Sept. 27, 2013); *Tricoast Smitty, LLC v. Does 1-45*, 2013 WL 4775913 (E.D. Mo. Sept. 6, 2013); *PHE, Inc. v. Does 1-27*, 2013 WL 3811143 (E.D. Mo. July 22, 2013); *Third Degree Films, Inc. v. Does 1- 4*, 2013 WL 3762625 (S.D. Cal. July 16, 2013); *reFX Audio Software Inc. v. Doe 1-97*, 2013 U.S. Dist. LEXIS 98927, at \*9 (E.D. Mo. July 16, 2013); *Killer Joe Nevada, LLC v. Does 1-19*, 2013 WL 3458214, at \*2 (N.D. Ohio July 9, 2013); *Kill Joe Nevada, LLC v. Does 1-10*, 2013 WL 3381260, at \*4 (N.D. Ga. July 8, 2013); *TCYK, LLC v. Does 1-88*, 2013 U.S. Dist. LEXIS 88402 (N.D. Ill. June 24, 2013); *Malibu Media, LLC v. John Does 1-21*, 2013 WL 2458290 (N.D. Ill. June 6, 2013); *Purzel Video GmbH v. Does 1-161*, 2013 U.S. Dist. LEXIS 78087 (N.D. Ill. June 4, 2013); *Ledge Distribution, LLC v. Does 1-44*, 2013 WL 1964821 (W.D. Wash. May 10, 2013); *Voltage Pictures, LLC v. Does 1-31*, 2013 WL 2181666, at \*4-5 (S.D. Ga. May 20, 2013).

14

multi-Doe joinder is improper. *Malibu Media, LLC v. Does*, 2013 WL 3038025, at *2 (E.D. Pa. June 18, 2013). The Doe cases filed in that court (which did not involve Plaintiff's counsel here) were coordinated before a single judge, who insisted on trial of a test case. *Id.* at *3. The court's post-trial "Bellwether Report" concluded that "joinder of multiple defendants in a single complaint alleging copyright infringement through the use of BitTorrent technology is neither necessary nor appropriate." *Id.* at *4. It explained:

> [M]embers of BitTorrent "swarms" are not essential parties for copyright infringement suits involving BitTorrent technology because the "swarm" is formed automatically by the software, and not by any actual association of these defendants…. Further, joining multiple defendants allows the plaintiff to avoid separate filing fees, and also pressures individual defendants to settle because their costs of defending a multi-party case are likely to be larger than if there is only one defendant. For these reasons, and based on the record made in this case, I recommend against requiring joinder under Rule 19 and also against allowing it under Rule 20(a).

*Id*. The nationwide trend could not be clearer: The order on appeal is a far outlier among recent precedent.

### B.     1,000-Plus Doe Lawsuits Are Improper As a Matter of Law

Mass-Doe lawsuits such as this case are improper as a matter of law under Rule 20. Joinder is permissible only where, *inter alia*, all defendants' actions are part of "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). As the ISPs' opening brief explained, AF Holdings'

mere allegation that Does separately used BitTorrent software to access Plaintiff's film over a four-month period is insufficient to satisfy Rule 20.  (OB 26-29.)

Use of BitTorrent software by remote users who do not know one another, and who allegedly accessed a film at different times, does not mean the individuals "participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the" Does.  *Hard Drive Prods.*, 809 F. Supp. 2d at 1163.  "The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world."  *Id.*

The answering brief does not take issue with the summary of BitTorrent's properties discussed in *Hard Drive*, 809 F. Supp. 2d at 1163, and other authority cited above.  Nor does Plaintiff contend that the 1,058 Does are related in any way other than their alleged use of file-sharing software over several months, purportedly to access Plaintiff's film.  AF Holdings does not even allege the Does shared the same "seed file."  (App. 4, 9-31.)  Instead, Plaintiff makes a generalized argument that joinder is a "fact-intensive inquiry" and that "each case presents unique facts, circumstances, pleadings and procedural developments."  (AB 18.)

Plaintiff's counsel's scores of virtually identical complaints, filed in courts throughout the country, rebut the argument that each case presents "unique"

circumstances.  *See*, *e.g.*, *Ingenuity 13 LLC v. Doe*, 2013 U.S. Dist. LEXIS 64564, at *7 (C.D. Cal. May 6, 2013) ("These lawsuits were filed using boilerplate complaints based on a modicum of evidence, calculated to maximize settlement profits by minimizing costs and effort."); *BitTorrent Copyright Infringement Cases*, 2013 U.S. Dist. LEXIS 17851, at *12 (citing boilerplate allegations in all complaints, including AF Holdings' complaints).  Indeed, Plaintiff's failure to address how the Does' activities might be considered part of the same "series of transactions or occurrences" under Rule 20 shows that this case is no different from the many decisions cited above that have disapproved mass joinder.

AF Holdings also argues that this case is "different" because the ISPs filed motions to quash or otherwise objected, rather than waiting for objections by Internet subscribers.  (AB 19.)  But again, the procedural posture is not unique— and, given Plaintiff's business model of using the subscribers' information primarily to extract pre-suit payments, no good reason exists for courts to decide misjoinder only following a subscriber's motion.  *See*, *e.g.*, *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 672 (S.D. Fla. 2011); *K-Beech, Inc. v. Dos 1-85*, 2011 U.S. Dist. LEXIS 124581 (E.D. Va. Oct. 5, 2011).

Plaintiff also argues that the lower court's order deserves deference because the court purportedly has special knowledge of BitTorrent, having heard testimony from a technology expert offered by the ISPs.  (AB 19-20.)  But the district court

did not rely on expert testimony in reaching its decision; it looked primarily to the complaint and AF Holdings' pro forma motion for leave to take discovery. (App. 135.)[8]  And AF Holdings has not attempted to show that the litany of courts that have analyzed BitTorrent's properties in the context of misjoinder have somehow misunderstood a material aspect of BitTorrent.  *See*, *e.g.*, *Hard Drive*, 809 F. Supp. 2d at 1163; *see also Patrick Collins*, 288 F.R.D. at 235 (citing other recent decisions that have addressed in detail BitTorrent's properties).

Contrary to Plaintiff's argument that the lower court performed a "more exhaustive and persuasive" joinder analysis than other courts (AB 19), the court actually declined to perform a proper joinder analysis:  The court stated that joinder "need not be considered at this procedural juncture."  (App. 132.) Moreover, the court found only that the claims against the Does could be "logically related," concluding that "at this time" the Does may be "at least potentially" related (App. 135)—a standard far more lax than Rule 20 requires.

For these additional reasons, the district court's order should be reversed.

---

[8] AF Holdings' witnesses did not contradict the findings of other courts that BitTorrent requires members of a "swarm" to be online at the same time and share the same "seed file," and that a download of a film is not necessarily accomplished by joining a "swarm" at any particular point in time.  *See also Boy Racer Inc. v. Does 2-52*, 2011 U.S. Dist. LEXIS 86746, at *8-9 (N.D. Cal. Aug 5, 2011). Moreover, AF's testifying "expert" had only been engaged one week before the hearing, had never before consulted on BitTorrent and could not confirm the accuracy of any of the listed IP Addresses in documents on which Plaintiff relied. (*See* Hearing Transcript, ECF No. 53 at 14, 27, 30, 49-53 (Apr. 27, 2012).)

## IV.   THE LOWER COURT'S ORDER, UNLESS REVERSED, WILL MAKE THE DISTRICT OF COLUMBIA THE DESTINATION VENUE FOR MULTI-DOE PORNOGRAPHY LAWSUITS

The alignment of recent decisions in opposition to the mass-Doe approach to file-sharing copyright lawsuits means that the lower court's decision here, unless reversed, threatens to make the District of Columbia a *unique* venue for 1,000-plus Doe cases, including for plaintiffs who seek to use "the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them." *Patrick Collins*, 288 F.R.D. at 237 (quoting *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012)).  The interests of uniformity of decision, and the District's case load, weigh heavily in favor of reversal.[9]

## V.   AF HOLDINGS HAS FAILED TO ADDRESS THE SERIOUS ISSUES OF MISCONDUCT AND FRAUD ON THE COURTS DISCUSSED IN THE OPENING BRIEF AND RELATED CASES

The answering brief does not address the rulings by other courts that detail serious misconduct and fraud on the judicial system by AF Holdings in virtually identical lawsuits; Plaintiff's only mention of the issue is an oblique reference to "character attacks" *by the ISPs*.  (AB 18.)  It is not a character attack to state that the same "Alan Cooper" copyright assignment that was submitted to the court

---

[9] The opening brief also noted Plaintiff's counsel's practice of pursuing the same lawsuit in multiple courts, and dismissing its suits *vel non* based on the assigned judge.  Judge Wilkins quoted with approval Judge Huvelle's finding that "Plaintiff's actions a[re] akin to 'judge shopping.'"  *Millennium*, 286 F.R.D. at 10. AF Holdings' brief, by its silence, effectively concedes the point.

below, and is part of the record before this Court, has been determined by other

courts to be forged and fraudulent. *Ingenuity 13*, 2013 U.S. Dist. LEXIS 64564,

at *6-8; *see also AF Holdings LLC v. Navasca*, 2013 U.S. Dist. LEXIS 149156,

*9-16 (N.D. Cal. Sept. 16, 2013) (findings of fact and sanctions recommendation

in Northern District of California action). These facts necessarily affect the good

cause analysis for permitting pre-Rule 26 discovery of the ISPs.

On May 6, 2013, the Central District of California court made findings of

fact in the related Ingenuity 13 and AF Holdings cases, including that,

> Plaintiffs have outmaneuvered the legal system. They've
> discovered the nexus of antiquated copyright laws, paralyzing
> social stigma, and unaffordable defense costs. And they
> exploit this anomaly by accusing individuals of illegally
> downloading a single pornographic video. . . .

> Steele, Hansmeier, and Duffy ("Principals") are attorneys . . . .
> Seeking easy money, they conspired to operate this enterprise
> and formed the AF Holdings and Ingenuity 13 entities (among
> other fungible entities) for the sole purpose of litigating
> copyright-infringement lawsuits. They created these entities to
> shield the Principals from potential liability and to give an
> appearance of legitimacy. . . .

> The Principals have shown little desire to proceed in these
> lawsuits when faced with a determined defendant. Instead of
> litigating, they dismiss the case. When pressed for discovery,
> the Principals offer only disinformation—even to the Court. . . .

> The Principals stole the identity of Alan Cooper [of Isle,
> Minnesota]. The Principals fraudulently signed the copyright
> assignment for "Popular Demand" using Alan Cooper's
> signature without his authorization, holding him out to be an
> officer of AF Holdings. Alan Cooper is not an officer of AF

20

> Holdings and has no affiliation with Plaintiffs other than his employment as a groundskeeper for Steele. There is no other person named Alan Cooper related to AF Holdings . . . .

*Ingenuity 13*, 2013 U.S. Dist. LEXIS 64564, at *1, 5-8.

The *Ingenuity 13* court referred AF Holdings' principals and counsel to the U.S. Attorneys' Office, the Criminal Investigation Division of the Internal Revenue Service, and federal and state bars. *Id.* at *15-16.

The "Alan Cooper" copyright assignment for the film "Popular Demand" is the same document submitted to the Court in this action. (App. 33.) As counsel below, Mr. Steele had a duty of candor to the district court, and Mr. Duffy, as counsel here, has a duty of candor to this Court. *United States v. Bruce*, 89 F.3d 886, 894 (D.C. Cir. 1996) (citing D.C. R. Prof. Conduct 3.3). Given their obligations, Plaintiff's counsel's silence concerning the ownership of AF Holdings, the authenticity of its documents, and the veracity of its witnesses is deafening.[10]

A district court in the Northern District of California recently examined virtually identical allegations involving AF Holdings and another "Alan Cooper"

---

[10] Evidence has been submitted in other related cases that the pornography the "Does" are accused of downloading was uploaded to BitTorrent file-sharing websites by AF Holdings' beneficial owner, and trial counsel here, Mr. Steele. *See*, *e.g.*, *First Time Videos, LLC. v. Oppold*, No. 6:12-CV-01493-CEH (M.D. Fla. June 3, 201), ECF No. 37-11 (declaration from forensic investigator). Needless to say, uploading a film to a free file-sharing website for the sole purpose of manufacturing claims in litigation that Internet subscribers are accessing the film *without plaintiff's authorization* smacks of fraud and abuse of process.

copyright assignment, and made findings that AF Holdings failed to rebut credible

evidence that its principals "(1) manufactured Cooper's involvement in AF and

forged his signature; (2) were in cahoots with the computer forensic experts who

identified the alleged illegal downloaders that AF then sued; and (3) themselves

uploaded the Video to Pirate Bay to induce others to download the Video."

*AF Holdings*, 2013 U.S. Dist. LEXIS 149156, at *17 (affirmed by *AF Holdings*

*LLC v. Navasca*, 2013 U.S. Dist. LEXIS 149169 (N.D. Cal. Oct. 16, 2013)

[adopting report and recommendations]).

      In the wake of these revelations, virtually all of Prenda Law's multi-Doe

cases have been dismissed or transformed into investigations into misconduct by

AF Holdings' principals and counsel.  Yet, incredibly, Plaintiff derides the ISPs for

objecting "with an air of moral superiority" to Plaintiff's ongoing efforts to extract

personal subscriber information from them.  (AB 5.)  AF Holdings' lack of candor

to the Court can and should be addressed here.[11]

---

[11] The Court retains inherent authority to ensure that representations made in this Court are not misleading, including Plaintiff's representations made pursuant to Rule 11 that the lawsuit is not being pursued for an improper purpose.

## CONCLUSION

For the reasons discussed in the opening brief and herein, the district court's order permitting discovery of the ISPs should be reversed, with directions that the litigation should be permitted to proceed, if at all, as a single "Doe" action.

In the alternative, the district court's order should be reversed with directions that AF Holdings and its counsel are required to show cause why sanctions should not issue for the reasons discussed in *Ingenuity 13*, 2013 U.S. Dist. LEXIS 64564 and *AF Holdings v. Navasca*, 2013 U.S. Dist. LEXIS 149156.

Dated:  October 24, 2013                    Respectfully submitted,


                                            By:  _____/s/ Benjamin J. Fox_____
                                                        Benjamin J. Fox
                                            (*Signature block continues on next page*)

23

Deanne E. Maynard
Marc A. Hearron
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., NW
Washington, D.C.  20006-1888
Telephone:  202.887.1500
Facsimile:  202.887.0763
DMaynard@mofo.com

Benjamin J. Fox
MORRISON & FOERSTER LLP
707 Wilshire Blvd., Suite 6000
Los Angeles, CA  90017-3543
Telephone:  213.892.5200
Facsimile:  213.892.5454
BFox@mofo.com

*Attorneys for Appellants*
Bright House Networks LLC,
Cox Communications, Inc.,
Verizon Online LLC

*(Signatures Continue on Following Pages)*

Dated:  October 24, 2013                    Respectfully submitted,

                                            LORD LOCKE LLP


By:     /s/ Bart W. Huffman
        Bart W. Huffman

        LOCKE LORD LLP
        100 Congress Avenue, Suite 300
        Austin, Texas  78701
        Telephone:  (512) 305-4746
        Facsimile:  (512) 391-4741
        BHuffman@lockelord.com

        Hugh S. Balsam
        LOCKE LORD LLP
        111 South Wacker Drive
        Chicago, IL 60606
        Telephone:  (312) 443-0403
        Facsimile:  (312) 896-6403
        HBalsam@lockelord.com


        *Attorneys for Appellant*
        SBC Internet Services, LLC,
        d/b/a AT&T Internet Services

Dated:  October 24, 2013

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: ___/s/ John D. Seiver_____
    John D. Seiver

1919 Pennsylvania Ave., N.W.
Suite 800
Washington, D.C. 20006
Telephone:  (202) 973-4200
johnseiver@dwt.com

*Attorneys for Appellant*
Comcast Cable Communications
Management, LLC

26

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to Fed. R. App. P. 32(a)(7)(C) and Circuit Rule 32-1, the attached brief is proportionately spaced, has a typeface of 14 points or more and contains 5,948 words.

Counsel relies on the computer program used to generate this brief for the word count.

By:   /s/ Benjamin J. Fox
Benjamin J. Fox

la-1226194

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system on October 24, 2013.

Counsel for appellee are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

Dated:  October 24, 2013               By:   /s/ C. Bibeau